# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON AND CAMERON SEWARD | CIVIL ACTION |
| VERSUS | NO: 09-4125 |
| MARK HAMILTON AND LYNN SCHWARZHOFF | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Preclude Introduction of Expert Opinion Testimony filed by defendants, Mark Hamilton and Lynn Schwarzhoff (Doc. #21), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment filed by defendants, Mark Hamilton and Lynn Schwarzhoff (Doc. #28), is **GRANTED**.

## BACKGROUND

This matter comes before the court on a motion to preclude the introduction of expert opinions and a motion for partial summary judgment filed by defendants, Mark Hamilton and Lynn Schwarzhoff. Defendants argue that plaintiffs, Byron and Cameron Seward, should be precluded from introducing any expert testimony due to their failure to comply with the Scheduling Order. Also, defendants argue that they are entitled to partial summary judgment on plaintiffs' diminution of value claim, because plaintiffs have failed to produce any evidence to support such a claim.

Plaintiffs, Mississippi citizens, own property located on Kerlerec Street in New Orleans, Louisiana. Defendants, California citizens, own rental properties on Royal Street in New Orleans that abut plaintiffs' property. Plaintiffs use the Kerlerec Street property, which has a courtyard that is secluded from the surrounding properties by a thirty-foot bamboo wall and a brick rampart, as a weekend home. Plaintiffs claim that Hamilton approached Ms. Seward, and informed her that he was going to take action for alleged invasion by bamboo roots onto defendants' properties. Plaintiffs allege that sometime thereafter, defendants, and/or persons working for defendants, entered their courtyard, cut down all of the bamboo, cut holes in the wooden fence, and put the bamboo in a dumpster in front of defendants' Royal Street properties. Plaintiffs sued defendants for the damage, diminution of the value of their property, and loss of enjoyment of their property.

**ANALYSIS**

**1.    Defendants' Motion to Preclude Introduction of Expert Opinion Testimony**

Defendants argue that plaintiffs should be precluded from introducing any expert opinion testimony, because plaintiffs did not identify any experts, or produce any expert reports, on or before the deadline for such set forth in the Scheduling Order. Plaintiffs argue that they have not, and will not, be able to find a real estate appraiser to testify, but that they have contacted an aboriculturist, who may be able to testify as to their damages. Plaintiffs contend that they will move for relief from the Scheduling Order if the aboriculturist will testify.

The Scheduling Order states in pertinent part:

> Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the

> basis therefore shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than October 22, 2009.
>
> * * *
>
> The court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

It is undisputed that plaintiffs did not produce any expert reports by October 22, 2009. Also, on November 10, 2009, plaintiffs asked the court to defer ruling on this motion for thirty days and have not come forward with any experts. Therefore, defendants' motion to preclude the introduction of expert opinion testimony is granted.

**2.     Defendants' Motion for Partial Summary Judgment**

   **A.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving

party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.     Diminution in Value**

Louisiana Civil Code article 2315 provides that "[e]very act whatever of man that causes damage to another obligates him by whose fault it happened to repair it." The injured party is entitled to full indemnification for the damages caused by another, i.e. damages in a tort suit are to place the injured party in "as good a position as before his property was damaged, but not in a superior position." Mossy Motors, Inc. v. Sewerage and Water Board of New Orleans, 1998-0495, p. 17 (La. App. 4 Cir. 5/12/99); 753 So.2d 269, 280; see also Coleman v. Victor, 326 So.2d 344 (La. 1976). Thus, "when property is damaged through the legal fault of another, the primary objective is to restore the property as nearly as possible to the state it was in immediately preceding the damage." Hornsby v. Bayou Jack Logging, 2004-1297, p. 5 (La. 5/6/05); 902 So.2d 361, 365 (quoting Coleman, 326 So.2d at 346.

In Roman Catholic Church of the Archdiocese of New Orleans v. Louisiana Gas Serv. Co., 618 So.2d 874, 879 (La. 1993), the Supreme Court of Louisiana stated that the measure of property damage under article 2315 is generally the cost of restoration, or at the injured party's election, the difference between the value of the property before and after the harm. However, there is no exact rule for assessing property damage, and "[e]ach case must rest on its own facts and circumstances as supported by the proof in the record." Hornsby, 902 So.2d at 367 (citing Coleman, 326 So.2d at 346-47). In any suit for damages, the plaintiff must prove his monetary damages. S. Massage Servs.,

4

Inc. v. Commercial Union Ins. Co., 26,311 (La. App. 2 Cir. 12/7/94); 647 So.2d 398, 404 (citing Borden Inc. v, Howard Trucking Co., Inc., 454 So.2d 1081 (La. 1983); Gonzales v. Bordelon, 595 So.2d 761 (La. App. 4 Cir. 1992)).

In their complaint, plaintiffs allege that prior to the damage, their property was worth approximately $600,000, and that as a result of the damage their property's value was diminished by 20%, or $120,000. Defendants argue that plaintiffs' claim for diminution in value should be dismissed, because plaintiffs have not offered any proof to support this claim. Plaintiffs oppose the motion, but do not offer any evidence to support their diminution in value claim.

Plaintiffs concede that they have not, and will not, be able to obtain an expert to testify as to the property's diminished value. At his deposition, Mr. Seward testified that he did not tell anyone that the property's value was deteriorated by $120,000, and his attorney stated that such an analysis would be provided by experts. Similarly, Ms. Seward testified that she did not recall telling her attorney that the property's value was diminished by 20%. Finally, in response to an interrogatory requesting information regarding the plaintiffs' allegations that their property's value was diminished by 20% or $120,000, plaintiffs did not offer any evidence as to the value of the property before and/or after the incident.

Plaintiffs have not submitted evidence sufficient to carry their burden of proving a diminution in value. Plaintiffs have not offered any expert testimony, or other evidence, to prove the difference in the value of the property before and after the damage. Further, plaintiffs testified that they did not know how the figure in their complaint for diminished value was determined.

Because plaintiffs have not offered any proof as to their property's diminished value, their claim for diminution in value is dismissed.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Motion to Preclude Introduction of Expert Opinion Testimony filed by defendants, Mark Hamilton and Lynn Schwarzhoff (Doc. #21), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment filed by defendants, Mark Hamilton and Lynn Schwarzhoff (Doc. #28), is **GRANTED**.

New Orleans, Louisiana, this __19th__ day of January, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**